## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

IMPACT, LLC; JONATHAN L. ROGERS;                    PLAINTIFFS
LAGUNA PERDIDA RANCH CORPORATION; and
TRACY GILBERT, individually and on behalf of all
others similarly situated

v.                                    No. 4:08CV00430 JLH

UNITED RENTALS, INC.; UNITED RENTALS
(NORTH AMERICA), INC.; and UNITED
EQUIPMENT RENTALS GULF, LP                          DEFENDANTS

## OPINION AND ORDER

The plaintiffs bring this action pursuant to the Class Action Fairness Act, 28 U.S.C.

§ 1332(d), seeking to represent a nationwide class of United Rentals customers who have been

charged a rental protection fee either without being informed of the fee or without being informed

that they had the option of declining rental protection.  The Court has issued a scheduling order

setting a date for the class certification hearing and setting other deadlines relating to class

certification issues.  The plaintiffs have filed a motion to compel in which they assert that the

defendants' initial disclosures submitted pursuant to Rule 26(a) of the Federal Rules of Civil

Procedure are inadequate and that the defendants have asserted improper and unmeritorious

objections to interrogatories and requests for production of documents.  The defendants have

responded and have argued that their initial disclosures were adequate but that they will supplement

them as more information is known.  They have also argued that the objections that they interposed

to the interrogatories and requests for production of documents were appropriate and have merit.

## I.     THE PROTECTIVE ORDER

Some of the objections asserted by United Rentals stated that the information sought was commercially sensitive, confidential, and proprietary but that interrogatories would be answered or the documents produced upon entry of a protective order.  The parties have been unable to agree on the form of a protective order.  Therefore, the Court has drafted a protective order and directed that it be entered contemporaneously with the entry of this opinion and order.  The scope of the information protected by the protective order entered by the Court is narrower than the scope of the information that would have been protected by the forms of order submitted by the parties.  The protective order entered by the Court protects only trade secrets and other information the confidentiality or privacy of which is protected by statute, whereas the forms of order submitted by the parties would protect as confidential a broader range of information.  The undersigned is generally reluctant to prohibit the disclosure of information unless the disclosure is prohibited by statute, in part because relying on preexisting statutory schemes gives the parties and the Court a body of law to which they can look to resolve disputes, and in part because it seems presumptuous for the Court to order parties to keep confidential information the confidentiality of which is not protected outside of litigation.  Because the protective order prohibits disclosure only of information the confidentiality or privacy of which is protected by statute, the protective order does not authorize plaintiffs to share confidential information with other plaintiffs' attorneys.

## II.     INITIAL DISCLOSURES

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires that a party provide to the other parties, without awaiting a discovery request, information pertaining to witnesses that the disclosing party may use to support its claims or defenses; and a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the

disclosing party has in its possession, custody, or control and may use to support its claims or defenses.  The Advisory Committee Notes to the 2000 amendment to Rule 26 state that the initial disclosure obligation of the relevant portions of Rule 26 require disclosure only of witnesses and documents that the disclosing party may use to support its claims or defenses, but the Advisory Committee Notes also state that "use" includes any use at a pretrial conference, to support a motion, use at trial, or use during discovery.  In this instance, and at this stage of the proceeding, the initial disclosure requirement of Rule 26(a)(1)(A)(i) and (ii) requires the parties to disclose witnesses and documents that they may use in support of or in opposition to the motion for class certification, during discovery relating to class certification, or at the class certification hearing.

The initial disclosures provided by the defendants to the plaintiffs identify as potential witnesses only the named plaintiffs and the branch managers of the two United Rentals locations (Little Rock, Arkansas, and Laredo, Texas) at which the named plaintiffs engaged in transactions. If these are the only potential witnesses whom the defendants may use to support their defenses to class certification, of course those disclosures are adequate.  However, if these persons were named because they are the persons who would have information pertaining to the named plaintiffs' individual claims, then the disclosures are inadequate because they do not disclose the identities of persons who are potential witnesses in support of the defendants' defense on the class certification issues.  Only the defendants know for sure whether the named plaintiffs and the two branch managers in Little Rock and Laredo are the only potential witnesses that they may use in opposing a class certification motion, and so the Court is not in a position to compel further disclosures. However, if other persons are potential witnesses whom the defendants may use in opposing class certification, the defendants must disclose those persons promptly or run the risk of not being allowed to use them.  *See* FED. R. CIV. P. 37(c)(1).

The plaintiffs also complain that they have not received documents identified by the defendants in their initial disclosures, but the defendants state in their response that they will produce those documents when the protective order issues have been resolved.  As noted above, the protective order issues have been resolved by the Court, so the documents identified in the initial disclosures should now be produced.

## III.   INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

The more difficult issues relate to interrogatories and requests for production of documents. Broadly speaking, the plaintiffs' discovery requests in part seek information that should be available at the United Rentals principal place of business and in part seek information that would be maintained at the approximately 750 locations at which United Rentals engages in transactions with consumers.  The plaintiffs have defined the relevant period of time as January 1, 1998, to the present. The defendants have objected to nearly all of these discovery requests on the grounds that they are overly broad, unduly burdensome, and vague or ambiguous, and they propose to limit the relevant period of time to the period beginning two years before the complaint was filed.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  That subsection also provides that relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  However, that same subsection provides that all discovery is subject to the limitations imposed by Rule 26(b)(2)(C), which provides that the Court must limit discovery if the burden or expense of the proposed discovery outweighs its likely benefit.  *See* FED. R. CIV. P. 26(b)(2)(C)(iii).

### A.      Requests for Production

Request for Production No. 4 seeks all versions of the rental agreement used by United Rentals from January 1, 1998, to the present.  The defendants object that the information is not relevant, not calculated to lead to the discovery of admissible evidence, overly broad, and unduly burdensome.  The defendants say, however, that they will produce certain rental contracts from Little Rock and Laredo for the two years preceding this litigation when a protective order is entered.  The plaintiffs are seeking each form of agreement that has been used since 1998, which is information that ordinarily would be stored at a central location and is not likely to be voluminous.  The information sought is reasonably calculated to lead to the discovery relevant to the class certification issues.  Moreover, a protective order has now been entered.  Therefore, the motion to compel is GRANTED with respect to Request for Production No. 4.

Requests for Production No. 5 and No. 6 seek all documents discussing or relating to changes and proposed changes to the form of or the language appearing on the rental agreement from January 1, 1998, to the present.  The defendants object to these discovery requests on the grounds that they are overly broad, unduly burdensome, and vague or ambiguous.  At this time, the Court does not see how documents discussing changes and proposed changes to the form of the rental agreement, except for the specific portions of the rental agreement at issue here, would be relevant to the class certification issues and so concludes that Requests for Production No. 5 and No. 6 are overly broad.  The motion to compel is DENIED with respect to Requests for Production No. 5 and No. 6.

Requests for Production Nos. 7, 8, 9, 10, 11, and 12 seek documents relating to changes to the specific portions of the rental agreement at issue in this case.  The defendants object to these discovery requests on the grounds that they are overly broad, unduly burdensome, and vague or

ambiguous.  As the Court understands these requests, the information sought is reasonably calculated to lead to the discovery relevant to the class certification issues.  The documents ordinarily would be stored at a central location and are not likely to be voluminous.  Moreover, a protective order has now been entered.  Therefore, the motion to compel is GRANTED with respect to Requests for Production Nos. 7, 8, 9, 10, 11, and 12.

Requests for Production No. 13 and No. 14 seek documents used in the training of or provided to managers or other employees mentioning or pertaining to:

(a)     the use of rental agreements;

(b)     the execution of rental agreements;

(c)     rental protection fees;

(d)     obtaining initials on the rental protection space on the rental agreement;

(e)     what to do if no initials are obtained; and

(f)     whether a rental protection fee can or should be changed or collected in the absence of initials accepting the rental protection fee.

The defendants object that these requests seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, the information is confidential and proprietary, and because the requests are overly broad.  A protective order has now been issued, so the objection that the information is confidential and proprietary is overruled.  It appears to the Court that these two discovery requests are reasonably calculated to lead to the discovery of evidence relevant to the class certification issues, so the relevance objection is overruled.  Plaintiffs' motion to compel is GRANTED as to Requests for Production No. 13 and No. 14.

Requests for Production Nos. 15 through 26 and No. 29 seek documents that establish the total number of rental agreements by state, month, and year, as well as documents that establish the

number of customers who made different elections or were charged different fees.  The defendants have objected on substantially the same grounds as stated above but add that these requests are unduly burdensome and harassing because they would require review, evaluation, and potential production of rental contracts for millions of transactions over a ten-year period.  The defendants have stated that they will produce "certain Rental Out Contracts/Agreements and Rental Return Invoices" for the two years preceding this litigation for the Little Rock and Laredo branches upon entry of a protective order.  In response to the motion to compel, the defendants also have submitted the affidavit of Raymond J. Alletto, vice president of risk management for United Rentals, Inc.  Mr. Alletto says that the plaintiffs seek to discover the following, among other things, about the rental contracts: (i) whether the customer did or did not initial the space accepting or declining rental protection; (ii) whether the customer was or was not charged a fee for rental protection; and (iii) whether the customer did or did not pay a fee for rental protection.  He also says:

> United Rentals does not maintain summary records or computer databases that enable it to identify the specific rental contracts or customers who meet the above scenarios. The only way to obtain this information is to review the various documents that evidence each rental contract or transaction.

Mr. Alletto's affidavit goes on to say that reviewing each rental document for a ten-year period would require review of tens of millions of rental documents.

The Court does not construe Requests for Production Nos. 15 through 26 to request production of records that would identify the specific rental contracts or customers who meet the scenarios in request Nos. 15 through 26 and No. 29.  Those requests do not seek the specific rental contracts or the names of customers whose transactions meet those scenarios but rather documents that would show the numbers of contracts or customers who meet those scenarios.  If such documents exist, they would not be the individual rental agreements; they would be compilations

prepared for the purpose of making reports to management, to the board of directors, or to shareholders.  If such documents exist, they are relevant to the issues of class certification and must be produced.  If no such documents exist, the defendants may comply with their obligations under Rule 34 by stating that no such documents exist.  Plaintiffs' motion to compel is GRANTED with respect to Requests for Production Nos. 15 through 26 and No. 29.

Request for Production No. 27 seeks documents identifying all customers at rental location No. 569, which is in Little Rock, who initialed neither the space accepting nor the space declining rental protection, were charged a fee for rental protection, and paid the fee for rental protection. Request for Production No. 28 seeks those same documents with respect to customers at rental location No. 542, which is in Laredo, Texas.  The defendants object to these requests on the ground that they seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence; because they seek commercially sensitive information that is confidential and proprietary; because the documents identify customers and therefore disclosing them might violate the customers' rights to privacy; because the identities of customers are protected trade secrets; the request is overly broad, and the request is unduly burdensome.  Subject to those objections, the defendants agree to "produce certain Rental Out Contracts/Agreements and Rental Return Invoices" for the two years preceding this litigation for the Little Rock and Laredo branches upon entry of an appropriate protective order.  A protective order has now been entered.  The Court believes that the burden or expense of producing all of the rental contracts in these two locations from January 1, 1998, to the present would impose a burden or expense that outweighs the likely benefit of such discovery.  In Arkansas, the longest period of limitations that arguably might apply[1] would be five

---

[1] The Court is not making any rulings on the statute of limitations at this point.

years.  ARK. CODE ANN. § 16-56-111.  The Court is not aware of any statute that extends privacy protection to the names of persons who rent equipment.  Discovery of those names obviously is calculated to lead to the discovery of evidence relevant to the class certification issues.  Therefore, the motion to compel will be GRANTED as to Requests for Production No. 27 and No. 28 for a period beginning five years prior to the filing of the complaint in this action through the present.  The motion to compel is DENIED to the extent that Requests for Production No. 27 and No. 28 seek documents pertaining to transactions that occurred more than five years prior to the filing of the complaint in this action.

Request for Production No. 30 seeks documents referring to or relating to how United Rentals determines the dollar amount of individual rental protection charges.  The defendants object on the ground that the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence, because the information sought constitutes trade secrets, because the request seeks information protected by the attorney/client privilege and work product doctrine, and because the phraseology is not sufficiently specific.  In their brief, they have argued that the issue of how United Rentals determines the dollar amount of individual rental protection charges is irrelevant to the question of class certification.  The plaintiffs have not specifically addressed Request for Production No. 30 in their arguments submitted to the Court.  In the absence of argument specifically directed to Request for Production No. 30, the Court does not see how that information relates to the issues of class certification.  Therefore, the motion to compel is DENIED as to Request for Production No. 30.

Request for Production No. 31 seeks all documents distributed or made available for distribution to customers during the relevant period defining, describing, or explaining rental protection.  The defendants object that the request seeks information that is not relevant or

reasonably calculated to lead to the discovery of admissible evidence, the request is overly broad, and the request is vague and ambiguous.  However, the defendants state that they are making a reasonable search for any marketing materials actually made available to customers relating to the rental protection program for the two years preceding this litigation and will produce those documents upon the entry of a protective order.  The applicable statute of limitations will vary from state to state but in any event is likely to be more than two years but less than ten years.  In Arkansas, the longest period of limitations that arguably might apply[2] would be five years.  ARK. CODE ANN. § 16-56-111.  Therefore, the motion to compel will be GRANTED as to Request for Production No. 31 for the period from five years preceding the filing of the complaint in this action to the present.  The motion to compel is DENIED with respect to Request for Production No. 31 to the extent that the request seeks documents for the period of time preceding five years before the complaint in this action was filed.

Request for Production No. 32 seeks all documents concerning customer inquiries or complaints related to the rental protection program and attempts by United Rentals to address, verify, confirm, or investigate them.  The defendants object that the request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence; the request is overly broad; the language is not specifically tailored to the issue in this case and would encompass documents concerning unrelated aspects of the rental agreement and rental protection program; the request asks for the identity of persons who have not filed public claims and therefore may invade their right to privacy; and because the request seeks the discovery of documents protected by the attorney/client privilege and the attorney work product doctrine.  All of those objections are

---

[2] The Court is not making any rulings on the statute of limitations at this point.

overruled except the objections based on privilege and work product.  With respect to those objections, if any documents are withheld, the defendants must describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. FED. R. CIV. P. 26(b)(5)(A)(ii).  The motion to compel is GRANTED as to Request for Production No. 32.

Request for Production No. 33 seeks documents concerning any investigation conducted by United Rentals or any third party regarding the rental protection fee.  The defendants object that the information is not relevant or reasonably calculated to lead to the discovery of admissible evidence; the request is overly broad and would encompass documents regarding claims for rental protection where the customer consent to the charge is not in dispute; the phraseology is not specifically defined and tailored to the subject matter of this suit and would encompass documents concerning unrelated aspects of the rental agreement and rental protection program; the request seeks the identity of persons who have not filed public claims and may invade their right to privacy; and the request seeks documents protected by the attorney/client privilege and the attorney work product doctrine.  All of those objections are overruled except the objections based on privilege and work product.  With respect to those objections, if any documents are withheld, the defendants must describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.  FED. R. CIV. P. 26(b)(5)(A)(ii).  The motion to compel is GRANTED as to Request for Production No. 33.

Request for Production No. 34 seeks documents that show the corporate structure and organization of United Rentals.  The defendants object on the ground that the information is not

relevant or reasonably calculated to lead to the discovery of admissible evidence; the information is confidential and proprietary; the information encompasses documents protected by the attorney/client privilege and the attorney work product doctrine; the request is overly broad; and the request is vague and ambiguous.  All of those objections are overruled except the objections based on privilege and work product.  With respect to those objections, if any documents are withheld, the defendants must describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.  FED. R. CIV. P. 26(b)(5)(A)(ii).  The motion to compel is GRANTED as to Request for Production No. 34.

Request for Production No. 35 seeks each version of the rental agreement, including but not limited to the customer receipt, rental protection, and the terms and conditions of such rental agreement.  Request for Production No. 35 is substantially the same as request No. 4 and will receive the same ruling.  The motion to compel is GRANTED as to Request for Production No. 35.

Request for Production No. 36 seeks all prior drafts of any documents responsive to request No. 35.  This request is substantially the same as Request for Production No. 5, and the Court rules upon it as it did with respect to request No. 5.  The motion to compel is DENIED as to Request for Production No. 36.

Request for Production No. 37 seeks all documents referring or relating to sales requirements, targets, goals, quotas, or minimums for the rental protection fee.  Request for Production No. 38 seeks all documents referring or relating to bonuses, compensation, prizes, incentives given, paid, or made available to employees from rental protection fees.  The defendants object that the information is not relevant or reasonably calculated to lead to the discovery of admissible evidence; the information is confidential and proprietary; the information includes information protected by

the attorney/client privilege and attorney work product doctrine; the information constitutes trade secrets; the request is not specifically defined or tailored and is therefore vague and ambiguous. These requests seek information relevant to the issue of whether customers throughout the country were treated in the same manner with respect to rental protection and so are reasonably calculated to lead to the discovery of evidence relevant to class certification. All of the objections are overruled except the objections based on privilege and work product.  With respect to these objections, if any documents are withheld, the defendants must describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.  FED. R. CIV. P. 26(b)(5)(A)(ii).  The motion to compel is GRANTED as to Requests for Production No. 37 and No. 38.

Request for Production No. 39 seeks all documents regarding settlements involving complaints about rental protection or cramming or unfair billing of any products or services regarding the relevant time period.  The defendants object on various grounds but then answer, subject to the objections, that these defendants have entered into no settlements relating to the charging of a fee for rental protection.  Assuming that there are no documents responsive to request No. 39 that have been withheld, that answer is adequate.  If any documents responsive to request No. 39 have been withheld, the defendants must comply with Rule 26(b)(5)(A)(ii).

Request for Production No. 40 seeks documents that identify any civil litigation, administrative proceeding, arbitration, mediation, or formal disputes referring or relating to the rental protection fee.  The defendants object that the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence; the request is overly broad; the phrase used is not more specifically defined and tailored to the subject matter of this case; the request seeks

the identity of persons making such claims and may therefore invade their right to privacy; and the request includes documents that would be protected by the attorney/client privilege and attorney work product doctrine. All of those objections are overruled except the objections based on privilege and work product. With respect to those objections, if any documents are withheld, the defendants must describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. FED. R. CIV. P. 26(b)(5)(A)(ii). The motion to compel is GRANTED as to Request for Production No. 40.

Request for Production No. 41 seeks all documents that identify any computer systems, software, or programs that United Rentals has used to track or record tool rentals, including rental protection fees. The defendants object that the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence; the request is overly broad; the request seeks information that is confidential and proprietary; the request encompasses documents that are protected by the attorney/client privilege and attorney work product doctrine; and the request seeks trade secrets. A protective order is being entered contemporaneously with this opinion and order, so the objection to producing proprietary information or trade secrets is moot. Otherwise, all objections are overruled except the objections based on privilege and work product. With respect to those objections, if any documents are withheld, the defendants must describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. FED. R. CIV. P. 26(b)(5)(A)(ii). The motion to compel is GRANTED as to Request for Production No. 41.

14

Requests for Production No. 42 and No. 43 seek the production of documents that identify the person or persons responsible for drafting, approving, or recommending policies and provisions regarding the rental protection fee. The defendants object that the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence; the information is confidential and proprietary; the request is overly broad; the request is vague and ambiguous; the request seeks a compilation of information not otherwise in existence and goes beyond the relevant parameters of the litigation; and the request encompasses documents that are protected by the attorney/client privilege and attorney work product doctrine. If no documents responsive to these requests exist, the defendants can comply with their obligations under Rule 34 by so stating. Otherwise, all objections are overruled except the objections based on privilege and work product. With respect to those objections, if any documents are withheld, the defendants must describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. FED. R. CIV. P. 26(b)(5)(A)(ii). The motion to compel is GRANTED as to Requests for Production No. 42 and No. 43.

Request for Production No. 44 seeks all documents referring or relating to any policy, procedure, or practice concerning the preservation or destruction of documents or electronic data sought in the requests. The defendants object that the request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence; it seeks information that is confidential and proprietary; the request is overly broad; the request is vague and ambiguous; and the request seeks documents that are protected by the attorney/client privilege and attorney work product doctrine. If no documents responsive to these requests exist, the defendants can comply with their obligations under Rule 34 by so stating. Otherwise, all objections are overruled except the

objections based on privilege and work product.  With respect to those objections, if any documents are withheld, the defendants must describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.  FED. R. CIV. P. 26(b)(5)(A)(ii). The motion to compel is GRANTED as to Request for Production No. 44.

Request for Production No. 46 seeks any and all current organizational charts of United Rentals.  The defendants object that the request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence; the information is confidential and proprietary; the request encompasses documents that are protected by the attorney/client privilege and attorney work product doctrine; the request is overly broad; and the request is vague and ambiguous.  If no documents responsive to this request exist, the defendants can comply with their obligations under Rule 34 by so stating.  Otherwise, all objections are overruled except the objections based on privilege and work product.  With respect to those objections, if any documents are withheld, the defendants must describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.  FED. R. CIV. P. 26(b)(5)(A)(ii). The motion to compel is GRANTED as to Request for Production No. 46.

Request for Production No. 47 seeks the minutes of the meetings of the board of directors, or committees of the board, in which there was a discussion of the rental protection fee.  The defendants object that the request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence; that the information is confidential and proprietary; that the request is overly broad and calls for the production of minutes of meetings in their entirety; and the request is vague and ambiguous.  The defendants will be permitted to redact all portions of the

minutes that do not pertain to the rental protection program.  Otherwise, all objections are overruled. The motion to compel is GRANTED as to request no. 47, with the provision that the defendants may redact all portions of the documents responsive to Request for Production No. 47 except the portions that pertain to the rental protection program.

Request for Production No. 48 seeks documents showing the total amount of revenues collected on a monthly and yearly basis by the defendants from rental protection fees.  The defendants object that the request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence; the information is confidential and proprietary; the request seeks the discovery of documents protected by the attorney/client privilege and attorney work product doctrine; the request is overly broad; the request is vague and ambiguous; and the request seeks a compilation of information not otherwise in existence that goes beyond the relevant parameters of this litigation.  Subject to those objections, the defendants agree to produce the Rental Out Contracts/Agreements and Rental Return Invoices for the two years preceding this litigation for the Little Rock and Laredo branches upon entry of a protective order.  One of the issues in determining whether to certify a class will be whether the matter in controversy exceeds the sum or value of $5,000,000.  *See* 28 U.S.C. § 1332(d)(2).  Request No. 48 appears to be reasonably calculated to lead to the discovery of information relevant to that issue.  Therefore, all objections are overruled except the objections based on privilege and work product.  With respect to those objections, if any documents are withheld, the defendants must describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. FED. R. CIV. P. 26(b)(5)(A)(ii).  The motion to compel is GRANTED as to Request for Production No. 48.

Requests for Production Nos. 49, 50, and 51 seek documents relating to claims covered by rental protection. The defendants object on several grounds, including the ground that the information is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. At this stage of the proceeding, the Court agrees that request Nos. 49, 50, and 51 seek information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the motion to compel is DENIED with respect to Requests for Production Nos. 49, 50, and 51.

Requests for Production No. 52 and No. 53 seek documents pertaining to a comparison of United Rentals rental protection fees with competitors, including communications with competitors, and documents from trade associations or other organizations. The defendants object on several grounds, including the ground that the information is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. At this stage of the proceeding, the Court agrees that request Nos. 52 and 53 seek information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the motion to compel is DENIED with respect to Requests for Production No. 52 and No. 53.

Request for Production No. 54 seeks all documents referring or relating to the defendants' treatment of revenue related to the sale of rental protection for accounting and income tax purposes. The defendants object on several grounds, including the ground that the information is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. At this stage of the proceeding, the Court agrees that request No. 54 seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. To the extent that this request seeks information relevant to the class certification issues, that information should be disclosed in

documents produced in response to request No. 48.  Therefore, the motion to compel is DENIED with respect to Request for Production No. 54.

Request for Production No. 55 seeks documents that establish the number of persons who rented equipment from any store owned or operated by the defendants and who were charged and paid a rental protection fee.  The Court's interpretation of this request and the ruling on it is the same as the Court's interpretation of and ruling on Requests for Production Nos. 15 through 26 and No. 29.  Plaintiffs' motion to compel is GRANTED with respect to Request for Production No. 55.

Request for Production No. 56 seeks all documents containing the identities of all persons who rented equipment from any store owned or operated by the defendants and who were charged and paid a rental protection fee.  This request, unlike request Nos. 15 through 26, No. 29 and No. 55, is a request that would require review of every rental agreement into which the defendants have entered anywhere in the United States for a period of more than ten years.  This request is unduly burdensome for the reasons stated in Mr. Alletto's affidavit.  The burden or expense of such discovery outweighs its likely benefit, so the motion to compel is DENIED as to Request for Production No. 56.  The Court has ordered the defendants to produce Rental Out Contracts/Agreements and Rental Return Invoices for the five years preceding this litigation for the Little Rock and Laredo locations.  If, after reviewing those documents, the plaintiffs believe that they need to review rental contracts from other locations, they may submit a request for production identifying a reasonable number of locations that would serve as representative samples for the nation as a whole, and they may seek production of rental contracts for representative periods of time, so that reasonable estimates can be made with respect to the issues relevant to class certification.

Request for Production No. 57 seeks all documents that establish that the claims by the named plaintiffs are not representative of the potential class.  Request No. 58 seeks all documents that establish that the claims of the named plaintiffs predominate over the claims brought on behalf of those who rented agreement from the defendants.  Request No. 59 seeks all documents that establish that the collection of a rental protection fee from the named plaintiffs was different from the collection of a rental protection fee from others who rented equipment from the defendants.  The Court agrees with the defendants that these requests are unduly burdensome inasmuch as they could require review of all of the rental contracts into which the defendants have entered throughout the nation over a period of ten years.  The motion to compel is DENIED as to Requests for Production Nos. 57, 58, and 59.

Requests for Production Nos. 60 through 68 seek documents that evidence certain affirmative defenses raised by the defendants in their answer.  The defendants object to these requests on the grounds that they are overly broad and premature but then say that they will produce the documents when they are identified.  To the extent that these requests relate to the merits of the litigation, as distinct from the issue of whether to certify a class, the motion to compel is DENIED on the ground that these requests are premature.  However, to the extent that the defendants will rely on any such documents in arguing that the class should not be certified, they must produce those documents.

### B.      Interrogatories

Interrogatory No. 2 requests that the defendants identify all policies that govern the execution of rental agreements with customers, including all necessary steps for the customer to accept or decline the rental protection.  This interrogatory appears to raise substantially the same issues as Requests for Production Nos. 13 and 14, and the Court adopts its ruling on those two requests as its ruling on Interrogatory No. 2.  Plaintiffs' motion to compel is GRANTED as to Interrogatory No. 2.

Interrogatory No. 3 requests that the defendants identify all persons who have served as store managers, store directors, and territory managers since January 1, 1998. The defendants object that the interrogatory is overly broad and unduly burdensome because it seeks the identity of every current or former manager throughout the United States for a ten-year period. They object that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. However, they provide the names of the managers at the two locations where the named plaintiffs made their transactions, and they state that they may be contacted through defense counsel. Pursuant to Rule 26(b)(2)(C)(iii), the Court holds that the burden or expense of identifying all of the managers of all of the United Rental stores for a period of ten years outweighs the likely benefit. Pursuant to Rule 26(c)(1), the Court orders that the defendants identity all of the territory managers that have been employed by them for the period beginning January 1, 2003, through the present; and that they identify all store managers during that same period of time employed by them in Oregon, Colorado, Texas, Arkansas, Illinois, Georgia, and Massachusetts. The disclosure of the identities of past and present store managers for that period of time in those states should provide the plaintiffs with the opportunity to discover the evidence they need regarding the class certification issues without unduly burdening the defendants.

Interrogatory No. 4 requests that the defendants identify the departments, divisions, or business units of United Rentals that are responsible for accounting and administration related to rental protection, the terms and conditions of the rental agreement, creation of the policy, implementation of the policy, and changes to the policy. The defendants object that the interrogatory seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence; the interrogatory is vague and ambiguous; the interrogatory is overly broad; and the interrogatory seeks information that is confidential and proprietary. Subject to those objections, the

defendants refer the plaintiffs to their response to Interrogatory No. 2 and their response to Requests for Production Nos. 7 and 8. The Court has already ruled on Requests for Production Nos. 7 and 8 and adopts its ruling on those two requests as its ruling on Interrogatory No. 4. The motion to compel is GRANTED as to Interrogatory No. 4.

Interrogatory No. 5 requests that the defendants describe how they account for income and expenses related to rental protection on the financial records, including but not limited to balance sheets, profit loss statements, earnings, revenue projections, and income taxes. The defendants object that the information is not relevant or reasonably calculated to lead to the discovery of admissible evidence; the interrogatory seeks trade secrets and other information that is confidential and proprietary; the interrogatory exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure; and the interrogatory is vague and ambiguous. This interrogatory seeks substantially the same information as Request for Production No. 54, and the Court's ruling will be the same. The motion to compel is DENIED as to Interrogatory No. 5.

Interrogatory No. 6 requests whether the defendants have any insurance policies or reinsurance to cover loss of or damage to tools and equipment rented by them. The defendants object that the interrogatory seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, as well as on other grounds. At this stage of the proceeding, the Court sustains the objections on the ground that the information does not appear to be relevant to the class certification issues. The motion to compel is DENIED as to Interrogatory No. 6.

Interrogatory No. 7 requests that the defendants identify each communication that they have had with any governmental agency regarding the rental protection plan or the rental protection fee and provide the name of the agency, the individuals at the agency with whom the defendants communicated, and other specific information. The defendants object on several grounds, including

on the ground that the interrogatory is unduly burdensome.  As written, the interrogatory would require detailed information about every telephone conversation, meeting, and conference with any regulatory agency, as well as detailed information about each e-mail and each letter exchanged by any person with United Rentals and any person in any governmental agency.  The Court agrees that answering such interrogatory is unduly burdensome and therefore DENIES the motion to compel as to Interrogatory No. 7.

Interrogatory No. 8 requests that the defendants "explain in complete detail all bases" for their assertion in the rental agreement that rental protection is not insurance.  The defendants object on several grounds, including the ground that the information is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  At this stage of the proceeding, the Court does not see how that information is relevant to the class certification issues and therefore DENIES the motion to compel as to Interrogatory No. 8.

Interrogatory No. 9 requests that the defendants state the number of customers and the amount of revenue collected, by location, month and year, for the rental protection coverage since its implementation through the present.  To the extent that this interrogatory seeks information beyond that contained in the documents that the Court has ordered to be produced, the Court DENIES the motion to compel as to Interrogatory No. 9 on the grounds that answering this interrogatory would be unduly burdensome.

Interrogatory No. 10 asks the defendants to state the number of claims and the amount of claims, in dollars and cents and by location, month and year, for equipment that has been lost or damaged by customers who have been charged the rental protection coverage since its implementation.  The defendants object on several grounds, including the ground that it is unduly burdensome and on the ground that it seeks information that is not relevant or reasonably calculated

to lead to the discovery of admissible evidence.  For purposes of the class certification hearing, the Court agrees that the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence and therefore DENIES the motion to compel as to Interrogatory No. 10.

Interrogatory No. 11 asks whether the rental protection policy was implemented in the same manner throughout the country.  The defendants object to this interrogatory because it is overly broad and not limited in scope; it seeks information about branch locations that are not a part of this litigation and therefore is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and it is vague and ambiguous.  Subject to the objections, the defendants respond that, yes, the rental protection plan program was implemented in the same manner throughout the country.  The objections are overruled.  The plaintiffs are entitled to a direct and unequivocal answer.  The qualification that the answer is subject to certain objections is a qualification that leaves the reader unable to ascertain whether the answer would be different but for the objections.  Therefore, the motion to compel is GRANTED as to Interrogatory No. 11.

Interrogatory No. 12 seeks the basis of the defendants' affirmative defense No. 43 asserting the defense of waiver.  The Court's ruling on this interrogatory is the same as its ruling on Requests for Production Nos. 60 through 68.

## IV.    MISCELLANEOUS ISSUES

The plaintiffs also have argued that United Rentals' answers to interrogatories are inadequate because they are not verified.  Rule 33(b)(3) requires that each interrogatory be answered in writing under oath, and Rule 33(b)(5) requires that the person who makes the answers must sign them, while the attorney must sign the objections.  United Rentals' answers to interrogatories are signed only by an attorney, and they are not signed under oath.  The plaintiffs' motion to compel on this issue is

24

GRANTED.  United Rentals must amend their answers so that they comply with Rule 33(b)(3) and (5).

The plaintiffs also ask the Court to require United Rentals to produce documents in electronic format if those documents are already in electronic format or the defendants intend to place them in electronic format for their own purposes.  Plaintiffs' counsel believe that the defendants have scanned, or will scan, hard copies of the rental agreements and have stored them, or will store them, in electronic format.  Rule 34(b)(2)(E)(i) provides that a party must produce documents as they are kept in the usual course of business.  Paragraphs 9 and 10 of the plaintiffs' instructions to their requests for production of documents likewise instructed the defendants to provide documents as they were kept in the ordinary course of business.  Therefore, the Court DENIES the plaintiffs' request for an order directing that documents kept in hard copy in the ordinary course of business be produced in electronic format if they have been scanned or will be scanned.

The parties should consult and establish a reasonable timeframe for accomplishing discovery in accordance with this order.

## V.   ATTORNEYS' FEES

The plaintiffs ask the Court to award attorneys' fees to them because the defendants failed to comply with the discovery rules.  The motion to compel has been granted in part and denied in part.  Pursuant to Rule 37(a)(5)(C), the Court finds that each party should bear its own attorneys' fees and expenses incurred in connection with the motion to compel.  Therefore, the request for attorneys' fees is DENIED.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to compel is GRANTED IN PART and DENIED IN PART.  Document #51.

IT IS SO ORDERED this 18th day of February, 2009.

_____

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE